Hat, Judge,
delivered the opinion of the court:
The petition of the plaintiff alleges that he is a resident of the State of New York, and is proprietor and general manager of the Martin Aeroplane Factory located at Garden City, Long Island; that on about September 15, 1920, the United States, acting through an authorized contracting •officer, sent to the plaintiff and other builders of aircraft a circular proposal inviting bids for the design and construe *431 tion of certain types of experimental airplanes, including a type designated as Type III Single Seater Pursuit Airplane with air-cooled engine; that the conditions requisite to qualify as a bidder were set forth in said circular, and that in order to induce plaintiff and others to expend large cash outlay and prepare fully to meet all of the exacting demands stipulated by the Government it was implicitly understood and agreed that the bidder who furnished the best design of Type III Pursuit Airplane would be awarded a contract for the construction for at least three sample airplanes, providing the price was reasonable and dates of delivery and building facilities satisfactory; that determination of which design was the most satisfactory would be made along well-known and accepted methods of determining estimated performances and structural strength; that the law governing such bidding provided that “ the award in every case shall be made to the lowest responsible bidder for the best and most suitable article, the right being reserved to reject any and all bids ”; that the plaintiff, acting in good faith upon the implied contract and verbal assurances which he alleges were made to him, fully complied with the terms of said' circular proposal and specifications and furnished, at the time and place specified, McCook Field, Dayton, Ohio, November 15, 1920, at 10 a. m., a bid proposal accompanied by a surety bond, which bond was accepted by the United States; that the design submitted by the plaintiff was found by the contracting officer to be one of the three best designs submitted.
The petition further alleges that the bid price of the plaintiff for three airplanes of the design submitted was $100,000, while two other bidders submitted bids more in amount than that of the plaintiff; that the plaintiff’s design was the best of the three designs adjudged to be the best three designs submitted, and were the most suitable articles offered.
The petition farther alleges that it was understood and agreed between the contracting officer and plaintiff that the implied contract would be reduced to a written contract as required by the statute, and that said written con *432 tract should be supplementary to and confirmatory of the implied contract.
The petition further alleges that on December 22, 1920, the officers of the Engineering Division, Air Service, breached and abandoned for the United States the implied contract had with the plaintiff, and awarded to another party the contract for the construction of Type III airplanes; and that the design which was selected by the United States was inferior to that submitted by the plaintiff.
The petition further alleges that by reason of the alleged breach of said implied contract the plaintiff has sustained damages to the amount of $39,000. The items making up said amount are set forth in plaintiff’s petition as follows:
To loss due to preparation and maintaining manufacturing facilities on Long Island for a reasonable period after date of circular proposal of Sept. 15, 1920, up to June, 1921_$26,000
For engineering and business preparation during above period -;. 5, 000
For loss of profits at 8 per cent on construction contract_ 8,000
Total- 39,000
The allegations of the petition amount to this, that the United States invited bids for the design and construction of certain types of airplanes; that the plaintiff made a bid which was rejected; and that the plaintiff now claims damages as against the United States for the expense to which he was put in getting ready his bid and complying with the terms set out in the circular inviting bids. He claims that there was an implied contract by which he was to be reimbursed for these expenses. No such contract can be implied. The officers of the Government had no authority to bind the United States to pay any such damages, nor was there any reason why the plaintiff should infer that such expenses would be paid. He made his bid fully aware of the fact that it was subject to rejection, and that if it was so rejected he would not be awarded the contract for the building of the airplanes. He incurred these expenses with his eyes open to the fact that he would have no valid claim against the Government for their payment. It was en *433 tirely within the discretion of the contracting officer to award the contract to that bidder which he thought had offered a design which in his judgment was best for the interests of the Government.
Such a contract to be valid must be reduced to writing. Section 3744, Revised Statutes.
The demurrer of the United States to the petition of the plaintiff must be sustained, and the petition of the plaintiff dismissed. It is so ordered.
Graham, Judge; DowNey, ‘Judge; Booth, Judge; and Campbell, GMef Justice, concur.